988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MOORGATE LIMITED, a Nevada Corporation, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate
capacity and as Receiver for Valley State Bank; Federal
Deposit Insurance Corporation, as Receiver for Valley State
Bank; United States of America, Defendants-Appellees.
 No. 91-16473.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1993.*
Decided Feb. 26, 1993.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-89-00705-LDG; Lloyd D. George, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Moorgate Limited ("Moorgate") appeals the dismissal of its claim by the district court for lack of jurisdiction due to the failure to file a proper administrative claim pursuant to the Federal Tort Claims Act. We affirm.
 
 
 3
 On May 2, 1991, the United States served on Moorgate's counsel, by mail, a Motion for Reconsideration of Defendant's Motion to Dismiss. On June 7, 1991, Moorgate filed a Motion for an Extension of Time Within Which to File A Response with the district court. On June 18, 1991, Moorgate filed its Response with the district court.
 
 
 4
 Moorgate contends the district court erred by not considering its Response in ruling on the United States' Motion for Reconsideration. This contention is without merit.
 
 
 5
 D.Nev.Local R. 140-4 allows a party fifteen days, from the date of service of a moving party's points and authorities, within which it may file a memorandum opposing the motion. Fed.R.Civ.P. 6(e) allows an additional three days where notice was served upon the party by mail. Under D.Nev.Local R. 140-6, a party's failure to file a memorandum in opposition to a motion constitutes consent to the granting of the motion.
 
 
 6
 In this case, the deadline for the filing of Moorgate's Response was May 20, 1991, eighteen days after service by mail of the United States' Motion for Reconsideration. Moorgate did not file its Motion for Extension of Time until June 7, 1991, eighteen days after the deadline for the filing of its Response. Furthermore, Moorgate made no showing of "excusable neglect" which could warrant an extension of time. The district court did not abuse its discretion by refusing to consider Moorgate's Response or by interpreting Moorgate's failure to file a response within the prescribed period as consent to the court's granting the motion to dismiss.
 
 
 7
 Moorgate's next contention, that the district erred by considering items outside of the pleadings in ruling on the Motion to Dismiss, is also without merit. The issue underlying the Motion to Dismiss was whether the United States had waived its sovereign immunity. Inasmuch as the waiver of sovereign immunity is a question of subject matter jurisdiction, the district court was within its discretion to consider items outside of the pleadings in ruling on the Motion to Dismiss under Fed.R.Civ.P. 12(b)91). McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.1988), cert. denied, 489 U.S. 1052 (1989); see also Capitol Indus.-EMI, Inc. v. Bennett, 681 F.2d 1107, 1118 n. 29 (9th Cir.) ("[M]atters outside the pleadings related to the issue of subject matter jurisdiction can be considered on a motion to dismiss for lack of jurisdiction."), cert. denied, 455 U.S. 943 (1982).
 
 
 8
 Because we decide this case on procedural grounds we need not reach the sufficiency of Moorgate's administrative claim or its claim that the district court should have treated the Motion to Dismiss as a motion for summary judgment. Reviewing the district court's application of local rules for abuse of discretion, we hold that the Motion for Reconsideration of Defendant's Motion to Dismiss was properly granted.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3